822 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles T. WEAVER and Geraldine Weaver, his wife; Kentucky
River Development Corporation; and C.T. & G.,
Inc., Plaintiffs-Appellees, Cross-Appellants,
v.
ANDERSON COUNTY FISCAL COURT; Anderson County Planning
Commission; and Anderson County Board of
Adjustments, Defendants-Appellants
Cross-Appellees.
 No. 87-5273
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The defendants appeal an order granting a permanent injunction against them and in favor of the plaintiffs in this civil rights action. The plaintiffs cross-appeal an order holding that all individually named defendants are qualifiedly immune from suit. The plaintiffs now move to dismiss the appeal on grounds that it was untimely filed, and the defendants move to dismiss the cross-appeal on grounds that there is no final judgment for purposes of 28 U.S.C. Sec. 1291.
 
 
 2
 On December 17, 1986, the district court entered an order granting the plaintiffs' motion for partial summary judgment and enjoining the defendants from interfering with the plaintiffs' completion and operation of their mobile home park and sales lot. By order dated February 4, 1987, the court granted the defendants' timely motion to alter or amend the judgment to reflect that all individually named defendants are qualifiedly immune. The defendants filed notice of appeal on February 27, 1987, and the plaintiffs filed notice of cross-appeal on March 9, 1987.
 
 
 3
 Under 28 U.S.C. Sec. 1292(a)(1), this Court has jurisdiction to hear appeals from orders granting or denying injunctions. A party must file notice of appeal within thirty (30) days of the entry of such an injunction, Fed. R. App. P. 4(a); however, a timely motion to alter or amend the order tolls the thirty (30) day time limit. Fed. R. App. P. 4(a)(4); Fed. R. Civ. P. 59(e). The time for appeal begins to run from entry of the order granting or denying the motion to alter or amend. Fed. R. App. P. 4(a)(4).
 
 
 4
 In the instant case, the defendants' appeal was clearly timely filed.
 
 
 5
 In the matter of the cross-appeal, 28 U.S.C. Sec. 1291 confers upon this Court jurisdiction of appeals from all final decisions of the district courts. An order granting immunity is not a final, appealable order. Coe, et al. v. Ziegler, et al., No. 87-3035, slip op. at 2 (6th Cir. Apr. 24, 1987) (per curiam). This Court therefore lacks jurisdiction over the cross-appeal.
 
 
 6
 Accordingly,
 
 
 7
 It is ORDERED that the motion to dismiss the appeal is denied.
 
 
 8
 It is further ORDERED that the motion to dismiss the cross-appeal is granted.